UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FRANKLIN BRAGG,

          Plaintiff

v.                                          CIVIL ACTION NO. 2:05-0355

JOYCE VESSEY SWANSON
in her official capacity as
principal of Hurricane High School,

          Defendant


                    MEMORANDUM OPINION AND ORDER


          Pending is plaintiff's motion for an award of attorney

fees and costs filed June 13, 2005.


                                I.


          Plaintiff was a student at Hurricane High School.  He

was disciplined for wearing a T-shirt that displayed the

Confederate flag, in violation of the school's dress code.  On

April 28, 2005, plaintiff instituted this action.  His one-count

pleading alleged that defendant Swanson's actions violated his

rights under the First Amendment.  He sought the following

redress in his complaint:

          [1] permanent injunctive relief; [2] a declaration that
          . . . [defendants'] actions . . . were and are
          unconstitutional, illegal, and void, and . . . in

        contravention of Plaintiff's constitutional rights; . . . [3] expungement . . . of any reference to the disciplinary action relating to his . . . [flag clothing]. . . [;] [4] . . . reimburse[ment] . . . for his reasonable attorneys' fees, expenses, and costs . . . and all such further relief as the Court may deem just and proper.

(Compl. prayer for rel.)

      On May 3, 2005, plaintiff moved for a preliminary injunction.  In consultation with the parties, and pursuant to Rule 65(a)(2), the court ordered the trial advanced and consolidated with the hearing on plaintiff's motion.  On May 9, 2005, the court conducted a bench trial.  On May 31, 2005, the court entered its findings of fact and conclusions of law and entered judgment in plaintiff's favor against Principal Swanson in her official capacity.  See Bragg v. Swanson, 371 F. Supp.2d 814 (S.D. W. Va. 2005).  The court does not recite here anew those findings and conclusions.  The analysis of the Johnson factors infra is, however, made with those findings and conclusions in mind.

      On June 13, 2005, plaintiff moved for attorney fees and costs for his two lawyers pursuant to 42 U.S.C. § 1988.  Attorney Roger D. Forman has been a practicing attorney for over thirty years.  He has maintained an active litigation practice in both state and federal courts, prosecuting a substantial number of

2

civil rights actions during that time.  He seeks $5,587.50 for
22.35 hours expended on the case.  Mr. Forman's co-counsel,
attorney Terri S. Baur, has been a staff lawyer for the ACLU of
West Virginia Foundation for seventeen (17) months.  She
practiced previously in California, having attained membership in
that state bar in 1997.  Ms. Baur seeks $2,190.00 for 14.6 hours
she expended during this action.  The respective hourly rates
sought by counsel are $250.00 and $150.00.  Principal Swanson
does not contest either the hours expended or the requested
hourly rate.

II.

A.   The Governing Standards

Title 42 U.S.C. § 1988(b) provides pertinently as
follows:

> In any action or proceeding to enforce a provision of
> section[] . . . 1983 . . . the court, in its
> discretion, may allow the prevailing party . . . a
> reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b).  In making its fee determination, the court
may award the full fee requested, some part of it, or no fee at
all.  Our court of appeals has discussed the applicable factors

3

designed to guide the district court's discretion in making the

award:

> In determining a "reasonable" attorney's fee under
> section 1988, this Court has long held that a district
> court's discretion must be guided strictly by the
> factors enumerated by the Fifth Circuit in Johnson v.
> Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974).
> See Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986).
> The twelve Johnson factors are: (1) the time and labor
> required to litigate the suit; (2) the novelty and
> difficulty of the questions presented by the lawsuit;
> (3) the skill required properly to perform the legal
> service; (4) the preclusion of other employment
> opportunities for the attorney due to the attorney's
> acceptance of the case; (5) the customary fee for such
> services; (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the
> circumstances; (8) the amount in controversy involved
> and the results obtained; (9) the experience,
> reputation, and ability of the attorney; (10) the
> "undesirability" of the case; (11) the nature and
> length of the attorney's professional relationship with
> the client; and (12) awards in similar cases. Daly, 790
> F.2d at 1075 n. 2 (noting that the Johnson approach has
> been approved by Congress and by the Supreme Court in
> Hensley v. Eckerhart, 461 U.S. 424, 434 n. 9, 103 S.Ct.
> 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983)).

Trimper v. City of Norfolk, Va., 58 F.3d 68, 73 (4th Cir. 1995).


The court applies these factors in its initial

calculation of the reasonable hourly rate and number of hours

reasonably expended by counsel.  Id. at 73.  The resulting

"lodestar" fee, which is based on the reasonable rate and hours

calculation, is "presumed to be fully compensatory without

producing a windfall."  Id. at 73-74 (quoted authority omitted).

4

B.   Application of the <u>Johnson</u> Factors

        Mr. Forman and Ms. Baur expended a total of 36.95 hours
on this litigation.  These hours represent a decidedly spartan
time request, in view of what they represent.  The request
includes time spent (1) consulting with plaintiff, (2) performing
legal research, (3) transmitting correspondence, (4) drafting the
complaint and associated briefing, (5) meeting with the court and
opposing counsel at a prehearing conference, (6) reviewing
documents and preparing testimony, (7) preparing for trial, and
(8) trying the case.  In the court's estimation, the requested
hours certainly do not exceed what one would expect in bringing a
case of this type to final judgment.

        The questions presented were both challenging and
somewhat difficult of resolution.  First, counsel had a very
limited, recent body of case law to help illuminate the issues.
Second, the proper reach and interpretation of <u>Tinker v. Des
Moines Independent Community School District</u>, 393 U.S. 503
(1969), and its progeny have bedeviled those courts of appeal
that have confronted cases of this type.  Third, this action
spawned a thirty-five page published opinion.  These

considerations illustrate the difficulty of the questions
presented.

Next, the skill required to frame, brief, and assemble
the issues for trial in a case such as this is no small matter.
The lawyers' expertise in cases of this type was of great help to
both the court and their client.

The court has no information bearing on the preclusion
of other employment opportunities for the lawyers as a result of
their acceptance of this case.  There is no indication other
clients were forfeited as a result of the expeditious handling of
this matter.  Likewise, there is no evidence this action, the
client, or the circumstances imposed any significant time
limitations on counsel.  The court would note, however, that the
trial was advanced.  This resulted in the case being resolved in
just thirty-three (33) days.

Next, the court examines the customary fee for the
services rendered here.  Counsel has offered no information on
this point.  It is important to note, however, that defendant has
not objected to the requested hourly rate and time expended.
There is thus no indication that the fee sought here is in any
way extraordinary.

The sixth factor involves the fixed or contingent nature of the fee.  Since plaintiff did not seek damages, there is nothing against or from which a contingent fee might be pegged or drawn.  The court concludes that counsel took this case because of the important First Amendment principles at stake, with the potential recovery of  fees and costs through application of section 1988(b).

Next, the court addresses the all-important eighth factor, the amount in controversy and the results obtained. There were, of course, no damages sought.  The First Amendment right at stake in this litigation, however, is of no small moment.  Regarding the results obtained, the court notes initially the dismissal of the Putnam County Board of Education. That dismissal, however, is of little consequence.  Plaintiff obtained complete relief on his First Amendment claim against the responsible party.

The ninth factor requires an analysis of the lawyers' experiences, reputations, and abilities.  Mr. Forman's credentials are impeccable.  He has a long record of practice in this district, his firm is recognized locally for its spirited prosecution of civil rights actions, and he performed his duties

very ably.  Ms. Baur has an admittedly more brief track record

upon which to conduct the necessary analysis.  At the same time,

she has apparently devoted a signficant portion of her eight (8)

years of practice to civil rights matters.  Her retention by the

ACLU of West Virginia Foundation is just one, strong testament to

her capabilities in the civil rights arena.

          The tenth factor involves the "undesirability" of the

case.  This action provoked the public airing of deeply held

convictions on both sides of the issue in the local media and

community at large.  Indeed, the court noted "the mere mention of

the [Confederate flag] emblem evokes strong feelings."  Bragg v.

Swanson, 371 F. Supp.2d 814, 816 (S.D. W. Va. 2005).  There were

thus some undesirable elements to the case based upon negative

perceptions of the flag and the views that it represents for

some.

          The final two factors, namely the nature and length of

the lawyers' professional relationship with the client and awards

in similar cases, are of little relevance here.

          Based upon the applicable factors, the court concludes

the requested hourly rates of both Mr. Forman ($250.00) and Ms.

Baur ($150.00), are reasonable.  Although Mr. Forman's requested

rate is at the higher end of what the market would allow in this

legal community, the applicable factors, and the absence of any
objection from defendant, militate toward a finding of
reasonableness.

The court concludes likewise as to the hours reasonably
expended on the litigation.  The 36.95 hours requested are
entirely within the bounds of reasonableness, especially in view
of the court's analysis of the first, second, third, eighth,
ninth, and tenth factors under <u>Johnson</u>.

The product of the reasonable hourly rate and the hours
reasonably expended results in the following lodestar amounts:

        Roger Forman (22.35 x $250.00)---------------$5,587.50
        Teri Baur    (14.60 x $150.00)---------------$2,190.00
The court finds and concludes that this fully compensatory fee is
appropriate.  The court further finds and concludes that the
unchallenged, and documented, costs recoverable in the case
amount to $490.17.

The court, accordingly, ORDERS that plaintiff's motion
for award of attorney fees and costs be, and it hereby is,
granted in the total amount of $8,267.67.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 28, 2005

John T. Copenhaver, Jr.
United States District Judge

10